UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BRUCE D. JEFFERSON
                                             PRISONER
    v.                          CASE NO.  3:03CV894(AWT)

OFFICER D. MORALES, ET AL.


ORDER

Plaintiff, currently incarcerated at MacDougall Correctional Institution in Suffield, Connecticut, filed this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. On November 14, 2003, the plaintiff filed an amended complaint in this action.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate to exhaust his administrative remedies before bringing a section 1983 action with respect to prison conditions. The Supreme Court has held that this provision requires an inmate to exhaust administrative remedies before filing any type of action in federal court, see Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 992 (2002), regardless of whether the inmate may obtain the specific relief he desires through the administrative process.  See Booth v. Churner, 532 U.S. 731, 741 (2001).

The statute clearly states that inmates must exhaust all available administrative remedies before filing suit.  See Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001).  Thus, any attempt to exhaust administrative remedies after the case was filed is

ineffective to satisfy the exhaustion requirement.  The Second Circuit has cautioned the district court to ascertan that administrative remedies exist before imposing the exhaustion requirement.  See Mojias v. Johnson, 351 F.3d 606, 609 (2d Cir. 2003) (holding that court is "obligated to establish the availability of an administrative remedy from a legally sufficient source before it may dismiss [a prisoner's] complaint").

The court takes judicial notice of the Department of Correction Administrative Directive 9.6, describing the administrative grievance process.  Section 6(A) provides, inter alia, that the following matters are grievable:

> 1. The interpretation and application of policies, rules and procedures of the unit, division and Department.
> 3. Individual employee and inmate actions . . .
> 5. Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein.
> 7. Any and all other complaints of any nature concerning prison life.

Plaintiff alleges that defendant Calabrese punished him for expressing his religious beliefs during a religious service and would not permit him to express his religious beliefs at any future services.  He also claims that defendant Potts terminated

him from his job in the kitchen at Garner Correctional Institution in retaliation for his filing a lawsuit against another kitchen supervisor.  Lastly, the plaintiff claims that in February 2003, he received class A disciplinary ticket.  He alleges that he was denied due process at the subsequent disciplinary hearing.  Plaintiff's first two claims are subject to the inmate grievance process pursuant to one or more of the above listings.

With respect to the third claim, Administrative Directive 9.6(B) provides that an inmate must utilize the appeal process in any matter involving Administrative Directive 9.5, Code of Penal Discipline.  Administrative Directive 9.5(39) provides that a disciplinary finding may be appealed to the Unit Administrator at the institution where the disciplinary ticket was adjudicated. Plaintiff states in his complaint that evidence of exhaustion of his "administrative remedies ha[s] been attached to his pending action already in court."  Am. Compl. at 6.  The court notes, however, that the plaintiff has not attached any exhibits to his complaint or amended complaint filed in this action.

The Second Circuit has cautioned the district courts not to dismiss a case for failure to exhaust administrative remedies without ensuring that plaintiff has notice and an opportunity to demonstrate that he has exhausted his available remedies.  See Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999).  Plaintiff is directed to file a second amended complaint including the

claims asserted in his first amended complaint and **providing evidence** that he fully exhausted his available administrative remedies before April 25, 2003, the date he commenced this action by signing the complaint and, presumably, mailing it to the court.

Plaintiff shall file his second amended complaint within **twenty** days from the date of this order.

**SO ORDERED.**

Entered this 2nd day of April, 2004, at Bridgeport, Connecticut.

_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE